ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 1 5 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BOMBARDIER AEROSPACE CORPORATION, BOMBARDIER BUSINESS JET SOLUTIONS, INC. <br><br> Defendant. | CIVIL ACTION NO. <br> 3-03-CV1904-B |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the Equal Employment Opportunity Commission ("EEOC") and Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. ("Defendant") in the United States District Court for the Northern District of Texas, Dallas Division, with regard to the EEOC's Complaint, filed in Civil Action No. 3-03-CV1904-B. The Complaint was based upon a Charge of Discrimination filed by Michael Kolman, Charging Party, against the Defendant, Charge No. 110-A3-00005.

The above-referenced Complaint filed by EEOC alleges that the Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating against Michael Kolman because of his religion, Mormon, and by retaliating against him by terminating him from his employment as a Sales Director. The Defendant denies all of the allegations made in the Complaint filed by EEOC and Mr. Kolman.

The EEOC and the Defendant agree to compromise and settle the differences embodied in the Complaint filed by EEOC and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree").

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Consent Decree resolves all issues raised in the EEOC Charge. This Decree further resolves all issues in the Complaint filed by the EEOC in this civil action. The EEOC waives further claims and/or litigation on all issues raised in the above referenced Charge and Complaint. The EEOC does not waive processing or litigating Charges other than the above-referenced Charge.

2. The parties agree that this Consent Decree does not constitute an admission by the Defendant of any violation of any federal, State or local law nor an admission of any liability to any person, including the Plaintiff.

3. Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. agrees that it shall conduct all employment practices in a manner that does not subject any employee to discrimination on the basis of religion, as prohibited by Title VII of the Civil Rights Act of 1964, as amended.

4. Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. agrees to post the Notice appended hereto as Attachment "A" on the employee bulletin boards at the facilities in Dallas within ten (10) days after the entry of this Consent Decree. Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. will report to the EEOC that it has complied with this requirement within 14 days after posting the Notice. The Notice shall remain posted during the term of this Consent Decree.

5. Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. shall continue to enforce a written policy prohibiting discrimination in the Workplace,

including religious discrimination, and including a complaint procedure for employees to notify Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. of any alleged complaints of discrimination. Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. agrees to distribute the policy to all employees within 60 days after the entry of this Consent Decree. Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. will report to the EEOC that it has complied with these requirements within 14 days after distributing the policy to its employees.

6. Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. agrees to conduct an annual training session during each year, 2006 and 2007, for all supervisory and management employees, including officers, managers, and regional vice presidents working for Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc., advising them of the requirements and prohibitions of the federal anti-discrimination laws including religious discrimination. The training will inform the employees of the complaint procedure for individuals who believe they have experienced discrimination. The training will also advise management and the supervisory employees of the consequences of violating the federal anti-discrimination laws. The training shall be at least two hours in duration.

7. For each year the Consent Decree is in effect, Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. will provide annual general anti-discrimination training sessions for all employees who did not receive the training described in paragraph 6 above, said training to be at least one hour in duration. The training shall include information about the complaint procedure for individuals who believe they have experienced discrimination. No less than 30 days after each such training session is conducted, Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc agrees to give

written notice to the EEOC as to the date and location of the training, the name of the person providing the training, and the substance of the training.

8. Defendant agrees to remove from all personnel files of Michael Kolman all documents, entries and references relating to the facts and circumstances which led to the filing of his Charge of Discrimination; the Charge itself; and the Complaint filed by the EEOC in federal court based upon his Charge. Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc will segregate any such documents and maintain them in a separate file at location agreeable to the parties. Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc will report to the EEOC within 14 days of the entry of this Consent Decree regarding its compliance with this paragraph.

9. Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. agrees to provide Michael Kolman with a positive letter of reference.

10. Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. agrees that there shall be no discrimination or retaliation of any kind against any person working for the Defendant because of opposition to any practice declared unlawful under Title VII or because of the filing of a Charge; giving testimony or assistance or participating in any manner in any investigation, proceeding or hearing under Title VII.

11. Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. agrees to pay to Mr. Kolman the full and final sum of $159,000.00 and no/100 dollars in compromise and satisfaction of all claims, which were raised in this cause. The parties agree that $16,138.00 shall be designated as lost wages. Defendant shall withhold all necessary state and federal taxes from this amount. The parties agree that this designation is accurate and made in good-faith.

12. The payment referenced in paragraph 11, above, shall be made within 21 days of the issuance of this Consent Decree by check made payable to Michael Kolman. Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. agrees to report to the EEOC within 14 days of entry of this Consent Decree regarding its compliance with this paragraph.

13. All reports to the EEOC required by this Decree shall be sent to William C. Backhaus, Senior Trial Attorney, EEOC, 207 South Houston Street, Third Floor, Dallas, Texas 75202.

14. If Defendant Bombardier Aerospace Corporation d/b/a. Bombardier Business Jet Solutions, Inc. fails to tender payment or otherwise fails to timely comply with the terms of paragraphs above, Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. shall, as applicable:

    a. Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

    b. Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

15. Neither the EEOC, Kolman nor Defendant Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. shall contest the validity of this Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant Bombardier Aerospace Corporation d/b/a. Bombardier Business Jet Solutions, Inc. fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court. The EEOC also reserves the right to seek contempt sanctions for non-payment and non-compliance with this Court Order.

16. The parties to this Consent Decree agree to bear their own costs and attorney's fees associated with the above-referenced Complaint.

17. The term of this Decree shall be for three (3) years.

SO ORDERED, ADJUDGED AND DECREED this 15th day of April, 2005.

_____
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

AGREED AS TO FORM AND SUBSTANCE:

**FOR THE PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

_____
ROBERT A. CANINO, Oklahoma State Bar No. 11782
Regional Attorney

SUZANNE ANDERSON, Texas State Bar No. 14009470
Supervisory Trial Attorney

WILLIAM C. BACKHAUS, Texas State Bar No. 01493850
Senior Trial Attorney
Dallas District Office
207 South Houston Street, Third Floor
Dallas, Texas 75202
Tel. No. 214-253-2742; Fax No. 214-253-2742

**FOR DEFENDANT:**

_____
RAY CLARK, State Bar No. 00796364
JACKSON WALKER
901 Main Street, Suite 6000
Dallas, Texas 75202
Tel. No. 254-953-6000; Fax No. 254-953-5822

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Dallas District Office**

207 S. Houston Street, 3rd Floor
Dallas, TX 75202-4726
(214) 253-2700
TTY (214) 253-2710
FAX (214) 253-2720
EEOC Website:
www.eeoc.gov

## NOTICE

This notice is being posted pursuant to a Consent Decree entered into between Bombardier Aerospace Corporation d/b/a Bombardier Business Jet Solutions, Inc. and the Equal Employment Opportunity Commission, based upon a charge alleging religious discrimination and retaliation under Title VII of the Civil Rights Act of 1964.

Federal law requires that there be no discrimination against any employee or applicant for employment because of the employee's race, color, religion, sex, national origin, age or disability with respect to hiring, firing, compensation or other terms and conditions of employment. Specifically, the law prohibits employers from subjecting its employees to religious discrimination. Discrimination on the basis of religion constitutes unlawful discrimination under Title VII of the Civil Rights Act of 1964.

Persons with deeply held religious convictions must be treated in the same manner as other applicants or employees with similar abilities or limitations. An employer cannot refuse to hire a person because of their deeply held bona fide religious beliefs as long as they are able to perform the major functions of the job and accommodation of the person's religious beliefs does not impose undue hardship on the employer. An employer cannot refuse to hire a person because of its prejudices against a particular religion or the prejudices of co-workers, clients or customers. An employer may not single out religion-related issues for special procedures to determine an employee's ability to work.

An employee has the right, and is encouraged to exercise that right to report allegations of religious discrimination in the workplace. An employee may do so by notifying the Director of Human Resources at (972) 720-2400. Employees who do not wish to go to the Director of Human Resources may instead report to any supervisor or manager with the company. Supervisors and managers who are informed of a complaint or allegation of religious discrimination must immediately notify the Director of Human Resources. Any report of religious discrimination will be thoroughly investigated, with appropriate disciplinary action taken against any person(s) found to have engaged in such conduct.

An employee, either alternatively or in addition to reporting such an allegation to company official, may contact the Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the nearest EEOC office is 207 South Houston Street, Third Floor, Dallas, Texas 75202; (214) 253-2700.

_____    _____
Date                              Company Representative

**ATTACHMENT A**

3895426v.1